■ In the Matter of the Claim of FRED BOGGAN, Appellant, against ABBY FINISHING COMPANY et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by claimant from a decision of the Workmen's Compensation Board dismissing his claim. The employer was engaged in a business which required the extensive use of highly inflammable materials. For that reason a strict and rigidly enforced rule against smoking in the building was in effect. Claimant went to a washroom in the building, lighted a cigarette,

threw the match into a toilet bowl, the contents of which immediately burst into flames. Claimant got a pail of sand and threw it upon the flames, whereupon some of the flaming liquid splashed upon claimant, causing his injuries. It is undisputed that the discovery of a violation of this strict no-smoking rule would result in the immediate discharge of the offending employee. It seems beyond question that when a claimant, in pursuance of a personal act, unconnected with his employment, deliberately violated the rule of which he was aware, he went outside the scope of his employment. (1 Larson, Workmen's Compensation Law, §§ 31.11, 31.12.) While the attempt to extinguish the flames may have also furthered the employer's interest, it was a continued effort on claimant's part to prevent discovery of his violation of the rule. When claimant left the scope of his employment and, in deliberately violating a rule caused a dangerous situation, to say that an attempt to alleviate the results of his own folly returns him to his employment approaches the ridiculous. Claimant's injuries did not arise out of and in the course of his employment, and are therefore not compensable. (Workmen's Compensation Law, § 10.) Decision unanimously affirmed, without costs. Present — Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.